Robert N. Braverman, Esq.
McDowell Law, PC
46 W. Main Street
Maple Shade, NJ 08052
Telephone: (856) 482-5544
Telecopier: (856) 482-5511

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CHAPTER 13 |
| JEFFREY B. MARTIN, | : | CASE #20-13637-JNP |
| Debtors. | : | Hearing Date: March 24, 2020 |

**BRIEF IN RESPONSE TO TRUSTEE OBJECTION**

Debtor, Jeffrey Martin filed the within Chapter 13 bankruptcy on March 2, 2020. The schedules filed with the petition reveal that the debtor owns real estate with nonexempt equity which was under Contract for Sale prior to the bankruptcy being filed. The Chapter 13 trustee takes the position in her objection that any nonexempt proceeds from the sale of the property must be turned over to the trustee. The trustee's position is incorrect. This is not a chapter 7 bankruptcy. Had the debtor not entered a contract to sell the property, he would not have to turn the property over to the Chapter 13 trustee for sale as long as the debtor was paying the creditors at least what they would receive in a chapter 7. Debtor here is doing exactly that – paying 100% to creditors. However, the debtor filed a chapter 13 rather than a chapter 7 to retain some of the proceeds in order to address the capital gains from this sale and to help his daughter with school. Sixty-Two thousand dollars of the debtor's share of the proceeds are to be

immediately turned over to the Chapter 13 trustee which makes the plan feasible. The balance owed to the creditors is being paid through the chapter 13 plan.

As a general rule, the bankruptcy code requires that in a chapter 13 the debtors pay the greater of the nonexempt equity in their assets or the projectable disposable income over the applicable payment term. Specifically, 11 USC section 1325 (a)(4) states that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date; " Section 1325(b)(1) provides that" [i]f the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan."

In the matter before the court, the plan provides for payment of $60,000.00 (the motion changes it to $62,000.00) to the trustee from the sale and payments of $650.00 per month for 60 months so that creditors are paid 100 percent.

Whether the debtor kept the nonliquid real estate or sold it would not change the amount that creditors have to be paid. "In fact, that is the essence of Ch. 13, paying the value of assets which might otherwise be liquidated by a trustee in a Ch. 7, from the debtor's income over the life of the plan." In Re Villegas (Bankr. W.D. Wash. 2017) Case number 13-46178-BDL at p. 10.

For the foregoing reasons it is respectfully requested that an order be approving the sale of the real estate and overruling the Trustee's objection.

                Respectfully submitted,

                McDowell Law, PC
                Attorneys for Debtors,

                By /s/ Robert N. Braverman

DATED:    March 17, 2020        ROBERT N. BRAVERMAN, ESQUIRE