Robert N. Braverman, Esq.
McDowell Law, PC
46 W. Main Street
Maple Shade, NJ 08052
Telephone: (856) 482-5544
Telecopier: (856) 482-5511

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CHAPTER 13 |
| JEFFREY B. MARTIN, | : | CASE #20-13637-JNP |
| Debtors. | : | Hearing Date: March 24, 2020 |

**REPLY BRIEF IN RESPONSE TO TRUSTEE BRIEF**

In the Trustee's Brief, the trustee notes that after selling costs and the nondebtor spouse's share is removed, debtor will net about $142,000.00. However, that number fails to take into account the significant capital gains tax that the debtor will have to pay, which he has estimated to be $45,000.00. The debtor proposes to pay the Chapter 13 Trustee $62,000.00. The creditors consist of priority and administrative claims of about $5,200, unsecured claims of $57,000.00 and secured claims of $35,000.00. As a result, debtor proposes to pay two thirds of the debt immediately while retaining the funds needed to pay the post petition tax liability which in fairness must be taken into account in determining the value of the asset to the estate. Debtor should not be made to pay the post petition taxes through the bankruptcy estate, thereby incurring trustee's commissions on it.

In addition, debtor has reduced the payment to an affordable payment. Debtor's budget shows the plan is feasible. It is unfair to assume that debtor will not make payments. After the

taxes, the remaining funds on hand for the debtor would be about $35,000.00. Trustee's position would leave the debtor with no funds. In addition, while debtor does not dispute that a debtor cannot help an adult child pay for college to the detriment of his creditors, in plans where a debtor is paying 100% of the debt, the debtor is free to spend his remaining money how he sees fit. The trustee is in effect taking the position that debtor could not choose between a chapter 13 and a chapter 7 since what the trustee is suggesting would be the same result if debtor filed a chapter 7. While interest would seem unnecessary since depending on claims the creditors may receive less than 100% from the proceeds, debtor would be willing to pay 3% interest on the remaining unsecured debt if that is required to get the debtors plan confirmed.

For the foregoing reasons it is respectfully requested that an order be entered requiring the debtor to turnover to the Trustee the sum of $62,000.00 and overruling the Trustee's objection.

Respectfully submitted,

McDowell Law, PC
Attorneys for Debtors,

By /s/ Robert N. Braverman
ROBERT N. BRAVERMAN, ESQUIRE

DATED:    April 7, 2020