Robert N. Braverman, Esq.
McDowell Law, PC
46 W. Main Street
Maple Shade, NJ 08052
Telephone: (856) 482-5544
Telecopier: (856) 482-5511

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CHAPTER 13 |
| JEFFREY B. MARTIN, | : | CASE #20-13637-JNP |
| Debtors. | : | Hearing Date:  March 24, 2020 |

## RESPONSE TO TRUSTEE APRIL 13 RESPONSE

In the Trustee's April 13, 2020 response, the trustee's attorney questions the amount of capital gains debtor will owe. The amount due was calculated as follows:
The original Capital gains basis is 791,000. + accumulated depreciation 376,470 – 815,000- closing costs 54,879 = 297,591 x 15% capital gains rounded up to 300 K x 15% = 45000. The $45,000.00 is the amount due in total.

Two other points. Debtor has now exempted $4970.46 of the proceeds. In addition, some crucial repairs are needed for 110 Virginia Ave, owned solely by the debtor, which is a triplex generating $3000.00 per month in rental income. The expected cost is around $20,000.00. When an estimate is received it will be forwarded to the trustee.

This is yet another example of why a chapter 13 debtor should be able to determine how is money is to be used when creditors are receiving 100%. To preclude the debtor from using his money as he sees fit in a Chapter 13 where creditors are receiving 100% of their claims is to ignore the purpose of Chapter 13.

For the foregoing reasons it is respectfully requested that an order be entered requiring the debtor to turnover to the Trustee the sum of $62,000.00 and overruling the Trustee's objection.

                                        Respectfully submitted,
                                        McDowell Law, PC
                                        Attorneys for Debtors,

                                        By /s/  Robert N. Braverman
DATED:       April 13, 2020           ROBERT N. BRAVERMAN, ESQUIRE