# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*  
*Raymond H. Shockley, Jr., Staff Attorney*  
*Jennifer R. Gorchow, Staff Attorney*

*Jennie P. Archer\**  
*Kelleen E. Stanley\**  
*Lu'Shell K. Alexander\**  
*\*Certified Bankruptcy Assistant*  
†*Fellow, American College of Bankruptcy*

October 23, 2020

The Honorable Jerrold N. Poslusny, Jr.  
United States Bankruptcy Court  
P.O. Box 2067  
Camden, New Jersey 08102

**RE:    Chapter 13 Bankruptcy**  
**Case No. 20-13637 (JNP)**  
**Debtor(s) Name:  Jeffrey B. Martin**

Dear Judge Poslusny:

Please accept this letter as a more formal response to Debtor's Motion to Approve Settlement and Notice of Proposed Compromise or Settlement of Controversy, which is returnable November 17, 2020 at 11:00 a.m.

Pursuant to Debtor's motion, the gross settlement totals $28,750.00, with a net settlement to Debtor in the amount of $17,841.01.  A review of Schedule B does not reflect a lawsuit against Hillman Bus Service.   Debtor certifies in his motion that his plan was confirmed to pay 100% and creditors are already receiving at least what they would receive in a liquidation since they are receiving 100%.   Debtor is requesting entire net proceeds be turned over to him.

Although the plan proposes to pay 100% to the creditors, there is no basis upon which the creditors should be forced to wait until the completion of a three-year plan to be paid, when Debtor will realize sufficient funds from this settlement to pay off the plan in full now.   Debtor has already asserted his entire 11 U.S.C. section 522(d)(11)(D) exemption, in the amount of $25,150, to retain proceeds from the settlement of his suit against Vittese.  Additionally, he has claimed his entire 11 U.S.C. section 522(d)(5) exemption.  Therefore, the proceeds from the settlement with Hillman Bus, being non-exempt, should be tendered to the Trustee for payment to the creditors in accordance with the terms of the confirmed plan.  There is no reason to require the creditors to wait three years for the satisfaction of their claims.

The amount necessary to pay off the plan in full is $3,760.10.  The amount debtor will net from the Hillman Bus settlement is $17,841.01.  After paying off the plan, Debtor will still realize $14,080.91 from the settlement funds.

Cherry Tree Corporate Center  
535 Route 38  
Suite 580  
Cherry Hill, NJ 08002  
(856) 663-5002

Payments Only:

P.O. Box 1978  
Memphis, TN 38101-1978

Honorable Jerrold N. Poslusny, Jr.
Case No. 20-13637 (JNP)
October 23, 2020

Based on the foregoing, the Trustee respectfully requests an Order be submitted to the Judge's Chambers under the Seven Day Rule to include the following language:

1. The amount of $3,760.10 shall be forwarded to the Chapter 13 Standing Trustee.
2. The remaining proceeds of $14,080.91 shall be disbursed to the Debtor.
3. Debtors shall file amended Schedules B/C within ten (10) days of the date of this Order.

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

*/s/ Raymond H. Shockley*
Raymond H. Shockley
Attorney for Isabel C. Balboa,
Chapter 13 Standing Trustee

RHS/kt
cc:   Robert N. Braverman, Esquire (Via CM/ECF and e-mail)
      Jeffrey B. Martin (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Page **2** of **2**